UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EQUAL EMPLOYMENT OPPORTUNITY             :
COMMISSION,                              :
                                         :
                 Plaintiff,       :
                                         :     COMPLAINT
        - against -                   :
                                         :
THE FOOD FARMACY, LTD. d/b/a             :
FOODWORKS, and                           :     JURY TRIAL DEMAND
J&T ENTERPRISES, LLC d/b/a               :
FOODWORKS,                               :
                                         :
                 Defendants.      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and provide appropriate relief to Jason Lee Smith ("Smith"), who was affected by such unlawful practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission ("Commission") charges that Defendant The Food Farmacy, Ltd. and Defendant J&T Enterprises, LLC (collectively "Defendants") violated the ADA by (1) making pre-offer disability-related inquires of a class of applicants, including Smith, (2) discharging Smith because of his disability, epilepsy, and (3) failing to post the required notice describing the ADA provisions prohibiting disability discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by references Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the District of Connecticut.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorize to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been Connecticut corporations doing business in the State of Connecticut, the counties of New Haven, Fairfield, and Middlesex, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have constituted a single integrated enterprise in that:

  a. Defendants have a common owner and a common President, Ralph Johnson;

  b. Defendants have common and centralized labor and employment operations in that (i) they use a common application for employment, (ii) they use common interview questions, and (iii) Ralph Johnson, Defendants' owner and President, is involved in interviewing, hiring, and firing employees for both Defendants, including the decision to hire and fire Smith; and

  c. Defendants operations are interrelated as exemplified by their common website (food-works.org) where they advertise their three store locations, their common

products, common departments, common frequent shopper program, and common email contact.

6. At all relevant times, Defendants have been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 107(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

7. At all relevant times, Defendants have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

8. More than 30 days prior to the institution of this lawsuit, Smith filed a charge of discrimination with the Commission alleging violations of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least February 2012, Defendants have failed to post the required notice describing the ADA provisions prohibiting disability discrimination at least at their Monroe, Connecticut store in violation of Section 105 of the ADA, 42 U.S.C. § 12115.

10. Since at least December 2009, Defendants have engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(d)(2)(A), by making pre-offer disability-related inquires of a class of applicants, including Smith. Specifically, since at least December 2009:

    a. Defendants' employment application, including the application that Smith completed on October 15, 2010, has included the following question on its face: "Do you have any health problems?"

  b. Ralph Johnson and Holly Bishel, who is the manager for Defendants' Monroe, Connecticut store, have asked applicants, including Smith, during their interviews and before they are offered jobs whether they had any health problems, physical problems, whether they were on any medications, and if so, what medications.

11. Smith has a physical impairment, epilepsy, which substantially limits him in the major life activity of neurological function.

12. Smith was hired by Defendants as frozen food/bulk manager on December 1, 2010 and satisfactorily performed his job during his employment with Defendants.

13. On June 1, 2011, Defendants learned of Smith's epilepsy when he had a grand mal seizure at work.

14. A few days after the seizure, Smith provided Defendants with a doctor's note that read:

> Jason Smith was seen for a grand mal seizure Wednesday June 1st. I adjusted his medication and he should be fine now. I am going to schedule some blood work in a couple of weeks to make sure they are working with him. He has a couple of bruises but is fully capable to return to his normal work day.

15. On June 6, 2011, after receiving the doctor's note, Defendants discharged Charging Party because of his epilepsy in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a).

16. The effect of the practices complained of above has been to deprive Smith of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability resulting in emotional pain, suffering, and inconvenience for Smith and the deprivation of the financial and other benefits of working for Defendants.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Smith.

## PRAYER FOR RELIEF

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of disability.

B. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from asking disability-related questions on applications or in interviews of applicants.

C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of their past and present unlawful employment practices.

D. Order Defendants to post the required notice describing the ADA provisions prohibiting disability discrimination.

E. Order Defendants to make whole Smith by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices including, but not limited to, front pay and reinstatement.

F. Order Defendants to make whole Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

6

  G. Order Defendants to make whole Smith by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

  H. Order Defendants to pay Smith punitive damages for Defendants' malicious and reckless conduct described above in amounts to be determined at trial.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                Respectfully submitted,

                                P. David Lopez
                                General Counsel

                                James L. Lee
                                Deputy General Counsel

                                Gwendolyn Y. Reams
                                Associate General Counsel

                                EQUAL EMPLOYMENT
                                OPPORTUNITY
                                COMMISSION
                                131 M Street, N.E.
                                Washington D.C. 20507

                                s/_____
                                Elizabeth Grossman
                                Regional Attorney


                                s/_____
                                Robert Rose
                                Supervisory Trial Attorney

                                s/_____
                                Konrad Batog
                                Trial Attorney
                                Equal Employment Opportunity
                                Commission
                                New York District Office
                                33 Whitehall Street, 5th Floor
                                New York, N.Y.  10004
                                (212) 336-3700
                                (212) 336-3623 (facsimile)
                                konrad.batog@eeoc.gov